POLEN, Judge.
The former husband, Daniel Taylor, appeals a final summary judgment in favor of the former wife entered on his petition for modification of child support. We reverse because genuine issues of material fact exist regarding alleged substantial, permanent changes in the parties’ circumstances which could support a modification.
In the parties’ May 18, 1990, final judgment of dissolution, the trial court imputed an annual income of $50,000 to the husband and a weekly income of $200 to the wife. The judgment required the husband to pay child support for the parties’ minor son of $129.11 per week. In his petition for modification, the husband alleged various changes in circumstances including the wife’s remarriage, graduation, and full-time employment, as well as his own inability to earn the income imputed to him in the final judgment. The parties agree the wife’s income increased from an imputed $200 per week to an actual present net income of approximately $440 per week. Although there is no factual dispute as to the wife’s increase, it is not dispositive of the ultimate issue of whether there is a change in circumstances warranting modification of the husband’s child support obligation. Moreover, we conclude a factual issue exists regarding whether a substantial, permanent change has occurred as to the husband’s income.
The wife contends the husband’s financial statements show an increase in his annual net income since 1990 from $10,000 to $18,000. She suggests this increase supports the summary judgment because the pleadings fail to show a substantial, permanent decrease in the husband’s earnings. We disagree. An increase in the husband’s actual income since the 1990 final judgment does not necessarily preclude the trial court from finding a substantial, permanent change has occurred regarding the husband’s ability to earn the annual income imputed to him in 1990.
To be clear, we do not mean to imply the husband’s petition must be granted; rather, we merely conclude the existence of genuine issues of material fact precludes a summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985).
STONE and WARNER, JJ., concur.